|  |  |
|---|---|
| JEFF GRUVER, | |
| Plaintiff, | Case No. C04-5428RJB |
| v. | |
| LESMAN FISHERIES INC., BOB LESMAN; and F/V SUNSET CHARGE, Official Number 534685, *in rem*, | ORDER GRANTING MOTION |
| Defendants. | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This matter comes before the court on Plaintiff's Motion for an Order Declaring that State Law Wage Penalties for Failure to Pay Fisherman's Wages are Theoretically Available as a Matter of Law. Dkt. 31. The court has considered the relevant documents and the remainder of the file herein.

On June 22, 2004, plaintiff filed a complaint for damages pursuant to admiralty and maritime law, 28 U.S.C. § 1333 and 46 U.S.C. § 10601, and 45 U.S.C. § 56. The complaint alleges that, before June 18, 2004, plaintiff was employed by Lesman Fisheries Inc. as a seaman in the service of F/V Sunset Charge; that on June 18, 2004, he worked as a seaman aboard the F/V Adventurous; that, on June 18, 2004, Bob Lesman, owner of F/V Sunset Charge, initiated an altercation with plaintiff arising out of plaintiff's prior employment aboard F/V Sunset Charge; and that, as a result of the negligence of Lesman Fisheries Inc., plaintiff was seriously injured in the altercation. Dkt. 1. The complaint alleges claims for negligence and for wages wilfully withheld while plaintiff worked as a seaman aboard F/V Sunset Charge. *Id*. The complaint requests damages against Mr. Lesman personally, against Lesman Fisheries, Inc., and against F/V Sunset Charge in rem. *Id*.

1   On April 21, 2005, plaintiff filed a motion requesting that the court determine that, pursuant to
2   RCW 49.52.050 and .070, state law wage penalties are available for the master's failure to pay him the
3   correct rate of wages, when plaintiff is seeking a crewshare pursuant to 46 U.S.C. § 11107.

4   In their response opposing plaintiff's motion, defendants contend that (1) this motion is theoretical
5   and not supported by facts sufficient for the court to determine the issue as a matter of law; (2) plaintiff
6   filed an amended complaint on March 14, 2005, with the consent of defendants, and this amended
7   complaint is sufficient to preserve the issue; (3) insufficient evidence exists at this point, since plaintiff's
8   deposition is scheduled for May 12, 2005. Dkt. 32. Defendants further stated as follows: "[I]t may be
9   that plaintiff's wage claim is based solely on his alleged entitlement to the highest rate out of port due to
10  the absence of a written employment contract. Should that be the case § 11107 would provide the
11  exclusive remedy and state law wage penalties would arguably be pre-empted." Dkt. 32, at 4.

12  In reply, plaintiff states that he intends to seek wages on the basis of § 11107, that a ruling on
13  whether state law wage penalties are available on the amount authorized under § 11107 is strictly a matter
14  of law, and that a ruling on the issue would prove useful in settlement negotiations. Dkt. 34.

15  In the amended complaint, plaintiff alleged that there was no contract of employment while he
16  served aboard F/V Sunset Charge; that, pursuant to 46 U.S.C. § 11107, he claims the highest rate of wages
17  paid for a similar position from his port of engagement, Westport, Washington; and that he claims state law
18  wage penalties on all wages due and unpaid as of the date of his departure from service to F/V Sunset
19  Charge. Dkt. 28, at 3. By this motion, plaintiff requests that the court to determine whether state law
20  wage penalties are available, should plaintiff prevail on his wage claims pursuant to 46 U.S.C. § 11107. In
21  their response, defendants raised the issue of federal preemption. The issue before the court is not
22  dependent upon development of the facts and may be determined as a matter of law.

23  Pursuant to 46 U.S.C. § 11107, "[a]n engagement of a seaman contrary to a law of the United
24  States is void. A seaman so engaged may leave the service of the vessel at any time and is entitled to
25  recover the highest rate of wages at the port from which the seaman was engaged or the amount agreed to
26  be given the seaman at the time of engagement, whichever is higher." Section 10601(a) requires that
27  agreements with seamen be in writing; a master who hires a seaman on an oral contract violates that law,
28

ORDER
Page - 2

and the seaman is therefore entitled to the remedies set forth in § 11107. *See Seattle-First National Bank v. Conaway*, 98 F.3d 1195, 1198 (9th Cir. 1996).

Under Washington law, "[a]ny employer or officer, vice principal or agent of any employer, whether said employer be in private business or an elected public official, who... [w]ilfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract...[s]hall be guilty of a misdemeanor." RCW 49.52.050.

Washington law further provides as follows:

> Any employer and any officer, vice principal or agent of any employer who shall violate any of the provisions of subdivisions (1) and (2) of RCW 49.52.050 shall be liable in a civil action by the aggrieved employee or his assignee to judgment for twice the amount of the wages unlawfully rebated or withheld by way of exemplary damages, together with costs of suit and a reasonable sum for attorney's fees: PROVIDED, HOWEVER, That the benefits of this section shall not be available to any employee who has knowingly submitted to such violations.

RCW 49.52.070.

At issue in this motion is whether 46 U.S.C. § 11107 preempts the state wage penalty provisions of RCW 49.52.050 and .070.

Federal law preempts state law if (1) Congress expressly so states, (2) Congress enacts comprehensive laws that leave no room for additional state regulation, or (3) state law actually conflicts with federal law. *Pacific Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1415 (9th Cir.1990), *cert. denied*, 112 S.Ct. 2956 (1992). States may supplement federal admiralty law as applied to matters of local concern, so long as state law does not actually conflict with federal law or interfere with the uniform working of the maritime legal system. *Fuller v. Golden Age Fisheries*, 14 F.3d 1405, 1409 (9th Cir. 1994), quoting *Pacific Merchant Shipping Association v. Aubry*, 918 F.2d 1409, 1422 (9th Cir. 1990).

46 U.S.C. § 11107 does not expressly preempt state law. The state law does not actually conflict with the federal law; it merely provides an additional remedy for wages that have been wrongfully withheld. Further, the state law does not interfere with the uniform working of the maritime legal system. Both Washington and the federal government have an interest in seeing that employees are paid wages due. Finally, Washington has a local concern that Washington businesses comply with state wage laws. 46 U.S.C. § 11107 does not preempt the state wage penalty provisions of RCW 49.52.050 and .070 in this

case. *See Chirrick v. F/V Sharon Lorraine*, United States District Court for the Western District of Washington, C95-936D, 1996 WL 263242 (W.D. Wash. 1996).

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for an Order Declaring that State Law Wage Penalties for Failure to Pay Fisherman's Wages are Theoretically Available as a Matter of Law (Dkt. 31) is **GRANTED.** Pursuant to RCW 49.52.050 and .070, state law wage penalties may be sought for the master's failure to pay him the correct rate of wages, when plaintiff is seeking a crewshare pursuant to 46 U.S.C. § 11107.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 16th day of May, 2005.

*Robert J. Bryan*
Robert J. Bryan
U.S. District Judge