1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFF GRUVER,

                Plaintiff,

      v.

LESMAN FISHERIES INC., BOB LESMAN; and F/V SUNSET CHARGE, Official Number 534685, *in rem*,

                Defendants.

Case No. C04-5428RJB

ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS

      This matter comes before the court on Plaintiff's Motion for Sanctions Against Defense Counsel for Obtaining a Continuance and Scheduling Mediation by Deceit. Dkt. 70. The court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

PROCEDURAL HISTORY

      On June 22, 2004, plaintiff filed a complaint for damages pursuant to admiralty and maritime law, 28 U.S.C. § 1333 and 46 U.S.C. § 10601, and 45 U.S.C. § 56. The complaint arises out of a an altercation involving plaintiff and Bob Lesman, owner of the F/V Sunset Charge, that allegedly resulted in injuries to plaintiff. Plaintiff alleges claims for negligence, and for wages wilfully withheld while plaintiff worked as a seaman aboard the F/V Sunset Charge. Dkt. 1. The complaint requests damages against Mr. Lesman personally, against Lesman Fisheries, Inc., and against F/V Sunset Charge in rem. Id. On June 20, 2005, pursuant to the stipulation of the parties, the court dismissed all claims for wages. Dkt. 41.

      On August 1, 2007, plaintiff filed a Motion for Sanctions Against Defense Counsel for Obtaining a

ORDER
Page - 1

Continuance and Scheduling Mediation by Deceit. Dkt. 70. Plaintiff contends that the parties jointly requested that the court continue the trial date in this matter from September 6 to November 14, 2007 so that mediation could occur before the parties would prepare for trial in earnest; the parties selected a mediator and agreed to conduct the mediation on August 18, 2005; plaintiff's counsel's office made time-consuming and difficult travel and hotel arrangements for plaintiff to be present at the mediation; and plaintiff's counsel dictated a lengthy mediation memorandum. Plaintiff's counsel claims that, on August 16, 2005, defense counsel sent an e-mail to plaintiff's counsel that included the following:

> If I get the gist of your voicemail you have recognized that I don't have any money and now wonder whether we should mediate.
>
> I can only say it again. I have no money. I am not bluffing, posturing, or trying to impress you with my hard nosed tactics. I have no money. I don't agree that mediating under those circumstances would be a farce. That would not be my choice of words, but I do think it would be futile and a waste of time. I have no money. I really don't have any money. Maybe, only maybe it would be worth a try after the court rules on the pending motion. I say that without any indication from the client or carrier that it would. I am guessing, and want to be clear John that I have no indication right now that my client will change his thinking at all, but maybe it would be worth trying after the court rule.

Dkt. 70-2, at 1.

Plaintiff contends that defendants' counsel obtained a continuance, then scheduled mediation with no intention of going through with it, thereby wasting the time of plaintiff, his counsel and staff, and the mediator. Plaintiff requests that the court impose a $500 sanction on defendants' counsel.

Defendants oppose the motion for sanctions, claiming that, during the relevant time period, both plaintiff's counsel and defendants' counsel were struggling with the need to reschedule mediation and trial because neither attorney could reach his client, both of whom were fishing. Defendants maintains that, at the time the parties were discussing arrangement for mediation, defendants's counsel was not in touch with Mr. Lesman. Defendants further contend that the representations made in this motion for sanctions violate Local Rule 39.1(a)(6), which provides for confidentiality of information related to settlement discussions and negotiations.

In his reply, plaintiff argues that defense counsel deliberately deceived plaintiff's counsel into agreeing to request a continuance of the trial date and scheduling medication when he knew defendants would not offer any money to settle the case. Dkt. 74.

## LEGAL STANDARD

Fed.R.Civ.P. 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose. *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir.1994).Fed.R.Civ.P. 11 provides as follows:

**Rule 11. Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions**

**(a) Signature.** Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. Each paper shall state the signer's address and telephone number, if any. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. An unsigned paper shall be stricken unless omission of the signature is corrected promptly after being called to the attention of the attorney or party.

**(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

**(1) How Initiated.**

**(A) By Motion.** A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

**(B) On Court's Initiative.** On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

**(2) Nature of Sanction; Limitations.** A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

> **(A)** Monetary sanctions may not be awarded against a represented party for a violation of subdivision (b)(2).
> **(B)** Monetary sanctions may not be awarded on the court's initiative unless the court issues its order to show cause before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned.

**(3) Order.** When imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed.

**(d) Inapplicability to Discovery.** Subdivisions (a) through (c) of this rule do not apply to disclosures and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 26 through 37.

## DISCUSSION

Counsel in this case have been put in a difficult position throughout these proceedings, since Mr. Gruver and Mr. Lesman have often been out of contact for significant periods of time due to their fishing activities. It appears that scheduling, particularly when the parties were required to be present, has been a challenge. The court recognizes plaintiff's counsel's frustration in setting up the mediation, and spending time and money to prepare for the mediation, only to be told shortly before the scheduled mediation that there would be no offer to settle the case. Nonetheless, plaintiff has not carried his burden to establish that defendants' counsel misrepresented the reason for seeking to continue the mediation and trial dates, since at the time when these dates were continued, neither counsel had been in contact with Mr. Gruver or Mr. Lesman, who were out fishing. Further, plaintiff has not met his burden to establish that defendants' counsel scheduled the medication in bad faith, knowing that he would not be offering any money to settle the case. Local Rule 39.1 and the court's scheduling order required the parties to engage in mediation. Any number of cases settle, even though prior to mediation one side does not believe it will offer money to settle the case. The court does not condone tactics on the part of one of the parties that results in extra time and expense to the other party. Nonetheless, the circumstances here made scheduling and mediation discussions difficult. Plaintiff has not shown that defendants' counsel's conduct was the result of bad faith. An award of sanctions is not merited.

ORDER
Page - 4

Defendants express concern over plaintiff's reference to settlement discussions. While, pursuant to Local Rule 39.1, such settlement information should remain confidential, the information provided in support of plaintiff's motion occurred before the 39.1 mediation occurred. In addition, it does not appear that this information will be part of the record at trial.

Therefore, it is hereby **ORDERED** that Plaintiff's Motion for Sanctions Against Defense Counsel for Obtaining a Continuance and Scheduling Mediation by Deceit (Dkt. 70) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 17th day of August, 2007.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge